Mr. Benjamin Mills as counsel for Brand, filed the following petition for a re-hearing.

The counsel for Brand solicits respectfully of the •court a re-consideration of the opinion, and judgment rendered herein; and that for the following reason:
The first breach of the condition of the bond assigned in the declaration is,
That the sheriff having Brand’s execution'in his hands, had permitted one defendant to replevy it, omitting the other.
The second breach is, that the sheriff took security ■insolvent, when they were taken, whereby the debt was lost.
The third is, that the sheriff permitted the defendant Biason to replevy for two years, when he was entitled for only three months, whereby the debt was lost. By a mistake of the pen, probably the opinion rendered, says the third plea is to the second breach, when it is to the first, and the fourth plea is to the third breach. To both these first and third breaches, the defendant pleaded, that the replevin bond was still in force not quashed or annulled. To each of these pleas, there was a demurrer by plaintiff, and a judgment overruling that demurrer; so that such plea was adjudged good, and the first and third breaches in the plaintiffs declaration fell, as well answered and *346 fully defeated by these pleas, which were admitted true on demurrer. Now according to well settled rules of pleading, these two breaches in the declaration were finally disposed of in the cause, and could not be again touched and relied on under the issues formed, and yet the court supposes that a jury has tried the cause in full; that is, including those two breaches already disposed of before the trial, as well as the breaches formed on the remaining breach.
Petition for a re-hearing.
We will admit for the sake of the argument, (what is seriously denied,) that the issues framed on covenants performed, and non infregit were good issues; what was embraced in them? Certainly, only the breach alleging that the securities were insolvent when taken, and not the two breaches which were disposed of by the issues of law, previously tried. By no rule could the plaintiff be allowed to bring in question before the jury, what the issues of law had settled, and he had acquiesced in. It would have been treating the court below indecorously to have attempted it; yet this court notices the want of every motion, making the question on the evidence. The plaintiff could not make the question, or revive either breach, or attempt to give in evidence before the jury, the matter of either, for they were already decided against him. But suppose this is not correct, yet was he bound to bring up these breaches on the trial of the issues? Certainly not. He had once made the question, and it was decided against him on demurrer, and that decision appeared of record. Was he bound to make it again on evidence? Certainly not. He had a right to rest on the first decision, and to procure its reversal.
This is indubitably true; that the court below has decided'on the two demurrers; that although the sheriff permitted one defendant to replevy omitting the other; and also permitted that defendant to re-plevy for two years, when he was entitled to only three months; yet no cause of action lay in favor of the plaintiff in that execution, till the replevin bond was quashed. This is plainly shewn on the record, and on that the decision is against us. Now were we allowed to insist upon a cause of action before the jury which was decided by the court, not to have accrued? If we shew a decision against us on this *347 point by the court, can it be presumed that the jury has re-tried the same matter, and if it can, can it be supposed that the jury has decided it differently from what the court did? Yet this court refuses to try the same question for us, which the court below has decided against us, on the ground that we might have had it tried in full by jury, and probably, but not certainly availed ourselves of that opportunity; and the presumption that we did so, though prevented by the decision of the court below, causes this court to refuse to revise the decision.
Petition for a re-hearing.
But all this is predicated on the supposition, that the issues as formed embraced any thing, which is not admitted. The counsel for appellant did not notice these issues on the trial of this cause in this court, under a full conviction that the issues were immaterial, and that idea is embraced in that assignment of errors, which questions the propriety of swearing the jury to try the cause at all.
Let it be rembembered that the pleas of covenants performed, and non infregit are not genera] issues, but special pleas in an action of covenant, and this action is not covenant but debt, on the penal part of the bond. The old practice was, to declare on the penalty. The defendant might come and crave oyer of the conditions, and plead conditions formed. But here no issue could be formed. The plaintiff could not reply generally, that conditions were not performed, and thus make up the issue. But the plaintiff must set out a special breach by way of replication; and then the defendant must rejoin a special answer, either denying or avoiding each breach, and could not again sing over the same song “conditions performed.” This shews that such pleas as are filed in this cause are novelties.
Such was the ancient practice. But now it is usual for the plaintiff not only to set out the-penalty but the condition, and then to state special breachs of the condition. By doing so, the declaration advances the plaintiff as far on his way as the replication did formerly; and the same matter must be pleaded by a defendant at once, which he must, in the ancient practice have shewn by a rejoinder, and that could not be either covenants performed, or non infregit.
Petition for a re-h*aring.
See case.
What sense is there in covenants performed, and non infregit, as an answer to this declaration? The sheriff is accused of having permitted one defendant to replevy, omitting another; of having taken insoívént security, and of giving two years instead of three months stay for the replevin bond. To this he answers; he has kept his covenant, or rather has performed his covenant. This is a complete evasion of the charge. He also says he has not broken his covenant; that is, he did all these things complained of in the declaration, but yet he has performed his covenant, and has not broken it! Such an answer is not only evasive, but absurd and nonsensical. See Champ vs. Ardy, II. Marsh. 246; Commonwealth for Warswell vs. Gown, IV. Litt. Rep. 279; Gentry vs. Bennett, VI. Mon. 113; Commonwealth use of Johnston vs. Miller and Gray; V. Monroe, 205-211.
We, in this petition, have to complain that the court has not decided the questions made, and that because the court says there was a issue tried by jury, in which the same questions might be tried. We conceive they could not be tried on the issue;, that the issues were nullities; and if they could, that the court below decided these questions against us; as is clearly shown; and on these questions we insist we have right to the revising authority of this court, and that these questions are in our favor. In other words, we do insist, that for omitting part of the defendants, when all ought to have united, and to have given two years, when the defendants were entitled to but three months, were failures of duty on part of the sheriff, for which an action lies, whether the replevin is quashed or not; wherefore, are-hearing is respectfully solicited.
See particularly, the case of Perrine vs. Thurman; IV. Mon. p. 179.